ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| IRACHE RAQUEL CHAPARRO RAMOS<br><br>Peticionaria<br><br>v.<br><br>AXEL ROSA VÁZQUEZ<br><br>Recurrido | TA2026CE00491 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: SS2022RF00076<br><br>Sobre: Alimentos |
|---|---|---|

Panel integrado por su presidenta, la Jueza Romero García[1], el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de mayo de 2026.

Comparece Irache Raquel Chaparro Ramos ("señora Chaparro Ramos" o "Peticionaria") mediante *Petición de Certiorari* y nos solicita que revisemos dos (2) determinaciones interlocutorias emitidas, respectivamente, el 5 de marzo de 2026 y el 6 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("TPI"). En virtud del primer dictamen, el TPI denegó autorizar la presentación de una demanda contra terceros en contra de ARV Auto Brokers, Inc. ("ARV) y Casa Chela, Inc. ("Casa Chela") (en conjunto, "corporaciones"), a los efectos de auscultar la capacidad económica de Axel Rosa Vázquez ("señor Rosa Vázquez" o "Recurrido"). Mediante el segundo dictamen, denegó prorrogar, por un periodo mayor, el término para realizar el descubrimiento de prueba.

Por los fundamentos que proceden, se *expide* el auto de *certiorari* solicitado y se *confirman* las determinaciones recurridas.

## I.

El caso de autos tuvo su génesis procesal el 17 de agosto de 2022, cuando la señora Chaparro Ramos instó una *Petición de Custodia Legal Monoparental y de Alimentos* en contra del señor Rosa Vázquez, en beneficio de su hijo menor de edad, Z.S.R.C.

---

[1] Mediante Orden Administrativa OATA-2026-045 de 5 de mayo de 2026, se designó a la Hon. Giselle Romero García en sustitución de Hon. Felipe Rivera Colón.

Tras varias instancias procesales, el 3 de diciembre de 2025, el señor Rosa Vázquez presentó una *Moción Solicitando Revisión de Pensión*. Expuso que, mediante *Resolución* del 17 de junio de 2024, se estableció una pensión de $1,298.08 mensuales, la cual fue posteriormente ajustada a $1,241.33 mensuales. Señaló que para establecer la pensión alimentaria se le imputó un ingreso mensual de $6,032.06, proveniente de un negocio propio. No obstante, adujo que su negocio quebró y, como resultado, se encontraba laborando en Trigo Corp., por un ingreso mensual de $1,991.80.

El 8 de diciembre de 2025, la señora Chaparro Ramos radicó una *Moción en Solicitud de Orden*, con la intención de que el señor Rosa Vázquez evidenciara la quiebra radicada para su negocio. En atención a ello, el 9 de diciembre de 2025, el TPI emitió una *Orden*. Aclaró que, el recurrido no alegó haberse acogido a un procedimiento de quiebra, sino que sostuvo haber cerrado su negocio. Sin embargo, en aras de evaluar la capacidad económica del alimentante, le ordenó al señor Rosa Vázquez a presentar evidencia sobre el presunto cierre del negocio.

Consecuentemente, el 17 de diciembre de 2025, el recurrido notificó una *Moción en Cumplimiento de Orden de la Entrada Número 307*. Sostuvo que la incorporación de su negocio, ARV, no había sido cancelada ante el Departamento de Estado, pero que la corporación se encuentra inoperante.

El 23 de enero de 2026, el TPI dictó una *Orden* en virtud de la cual dispuso lo siguiente: (1) aceptó las recomendaciones contenidas en el Informe de la Examinadora de Pensiones Alimentarias ("EPA"); (2) señaló una vista ante la EPA para el 6 de abril de 2026; (3) concedió un término de 60 días para realizar el descubrimiento de prueba; y (4) les ordenó a las partes a presentar la Planilla de Información Personal y Económica ("PIPE"), dentro de un plazo de 15 días.

Posteriormente, el 25 de febrero de 2026, la señora Chaparro Ramos presentó una *Solicitud de Autorización para Demanda contra Terceros*. Alegó que, iniciado el descubrimiento de prueba, surgió que el señor Rosa Vázquez es dueño de las corporaciones, ARV y Casa Chela, siendo estas su mayor fuente de ingresos. Sostuvo que, existe evidencia clara, robusta y convincente que demuestra que las corporaciones son un *alter ego* del señor Rosa Vázquez. Así

dispuesto, razonó que las corporaciones eran partes indispensables, sin cuya presencia no era posible auscultar la capacidad económica del recurrido. Por tanto, peticionó que se le autorizara unirlas al pleito como terceras demandas.

El 4 de marzo de 2026, el señor Rosa Vázquez radicó una *Moción en Oposición a Solicitud de Autorización para Demanda Contra Terceros*. En síntesis, manifestó que la obligación de proveer alimentos es personalísima y, por ende, no puede ser atribuible a las corporaciones, ya que ostentan personalidades jurídicas independientes.

Aquilatados los argumentos, el 5 de marzo de 2026, el TPI dictaminó una *Orden* mediante la cual la denegó la presentación de la demanda contra terceros. Inconforme, el 18 de marzo de 2026, la señora Chaparro Ramos instó una *Urgentísima Moción en Solicitud de Reconsideración y de Determinaciones Iniciales de Hechos y Conclusiones de Derecho*. El 24 de marzo de 2026, el señor Rosa Vázquez presentó una *Moción en Oposición Urgentísima Moción en Solicitud de Reconsideración y de Determinaciones Iniciales de Hechos y Conclusiones de Derecho*.

El 30 de marzo de 2026, notificada el día siguiente, el TPI emitió una *Resolución* en virtud de la cual denegó la solicitud de reconsideración y sobre determinaciones iniciales y conclusiones de derecho. Dispuso que, en ese momento, no surgía base suficiente para concluir que las corporaciones eran o podían ser responsables de la reclamación alimentaria. Expuso que la controversia relacionada a la capacidad económica del alimentante podía atenderse mediante los mecanismos ordinarios de descubrimiento de prueba y a través de la presentación de evidencia relacionada con ingresos, beneficios, pagos, transferencias, bienes, recursos económicos y estilo de vida, sin que, en esta etapa, fuera necesario traer formalmente a las corporaciones.

Consecuentemente, el 31 de marzo de 2026, la señora Chaparro Ramos presentó una *Moción Informativa sobre Aviso de Toma de Deposición y en Solicitud de Transferencia de Vista*. Señaló que, ese mismo día, le había notificado al recurrido un aviso de toma de deposición la cual interesaba llevar a cabo el 23 de abril de 2026. Cónsono con lo anterior, expuso que, debido a

que persistían controversias relacionadas a la capacidad económica del señor Rosa Vázquez, el caso no se encontraba listo para celebrar la vista ante la EPA pautada para el 6 de abril de 2026.

En respuesta, el 1 de abril de 2026, el señor Rosa Vázquez radicó una *Moción en Oposición a Moción Informativa sobre Aviso de Toma de Deposición y en Solicitud de Transferencia de Vista*. Señaló que el término de sesenta (60) días concedido el 23 de enero de 2026 por el TPI para realizar el descubrimiento de prueba había culminado el 24 de marzo de 2026. Por tanto, razonó que la solicitud instada por la señora Chaparro Ramos fue realizada a destiempo. Asimismo, indicó que la peticionaria no acreditó justa causa para extender el descubrimiento de prueba, contrario a lo dispuesto por el Artículo 16 de la Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, conocida como la *Ley Orgánica de la Administración para el Sustento de Menores*, 8 LPRA sec. 515.

El 6 de abril de 2026, el TPI dictó una *Orden* en la cual denegó la solicitud de extensión de término para el descubrimiento de prueba. Expuso que el término concedido venció, sin que la peticionaria solicitara una prórroga dentro del plazo. Manifestó, además, que la solicitud no expuso una razón que justificara la extensión interesada.

Insatisfecha, ese mismo día, la señora Chaparro Ramos instó una *Urgentísima Moción en Solicitud de Reconsideración*. Reiteró la necesidad de continuar con el descubrimiento de prueba, en aras de auscultar la realidad patrimonial del señor Rosa Vázquez.

En igual fecha, el foro de instancia emitió una *Orden* en virtud de la cual concedía un término final de veinte (20) días para la toma de la deposición ya anunciada y para la entrega de la documentación solicitada oportunamente por la peticionaria.

Por otro lado, ese día, la peticionaria también presentó una *Moción Informativa y en Solicitud de Orden*. Indicó que le había cursado al recurrido sus objeciones a las contestaciones al interrogatorio. No obstante, adujo que el señor Rosa Vázquez se negó a proveer la información solicitada. Arguyó que la documentación e información era necesaria y pertinente para la deposición ya

autorizada. A su vez, sostuvo que la evidencia fue solicitada dentro del término de los sesenta (60) días dispuestos para el descubrimiento de prueba. Ante ello, solicitó que se le ordenara al recurrido a proveer, en un término de cinco (5) días, lo solicitado en el interrogatorio cursado y en la oposición a sus contestaciones.

El 7 de abril de 2026, el TPI emitió una *Orden* mediante la cual declaró Ha Lugar la *Moción Informativa y en Solicitud de Orden* presentada por la peticionaria. Concluyó que la señora Chaparro Vázquez había realizado esfuerzos razonables, con diligencia y de buena fe, para resolver la controversia relacionada al descubrimiento de prueba. Por consiguiente, le ordenó al señor Rosa Vázquez, dentro del término de cinco (5) días, proveer lo solicitado por la señora Chaparro Ramos.

Sin embargo, el 13 de abril de 2026, el señor Rosa Vázquez presentó una *Moción de Reconsideración* en cuanto a la *Orden* emitida el 7 de abril de 2026. Señaló que las objeciones cursadas el 26 de marzo de 2026 fueron enviadas fuera del término dispuesto para llevar a cabo el descubrimiento de prueba, lo cual ya le había indicado a la peticionaria. A su vez, arguyó que la señora Chaparro Ramos no certificó haber realizado esfuerzos razonables, con prontitud y de buena fe para resolver de manera extrajudicial la disputa relacionada a las objeciones, contrario a lo consagrado por la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1.

En igual fecha, la señora Chaparro Ramos notificó una *Moción en Oposición.* Relató que, el 18 de febrero de 2026, le cursó al recurrido un pliego interrogatorio y producción de documentos. Expresó que, el 10 de marzo de 2026, le remitió a través del correo electrónico un primer aviso de buena fe para que procediera con el cumplimiento del descubrimiento de prueba. Así las cosas, señaló que, el 19 de marzo de 2026, el señor Rosa Vázquez le envió la contestación al interrogatorio, el cual fue objetado el 26 de marzo de 2026. Manifestó que, el 31 de marzo de 2026, se reunió con la representante legal del recurrido para discutir las objeciones. No obstante, indicó que, el 2 de abril de 2026, el señor Rosa Vázquez se limitó a enviarle un correo electrónico, por

conducto de su abogada, en el cual expresó que no procedía responder las objeciones por ser tardías. Expuso que, el 6 de abril de 2026, tras que el TPI autorizó la toma de deposición, le envió al recurrido un segundo aviso para que procediera a contestar el interrogatorio y a producir la documentación solicitada. Razonó que lo anterior demostraba que no se cruzó de brazos para cumplir con el descubrimiento de prueba. Puntualizó que las objeciones fueron enviadas tan solo dos (2) días luego de vencido el término. Finalmente, enfatizó que el objetivo de lo peticionado era auscultar la capacidad económica del alimentante, en búsqueda de la verdad y el mejor interés del menor.

Atendida la *Moción de Reconsideración* radicada por el recurrido, el 13 de abril de 2026, notificada el día siguiente, el foro de instancia emitió una *Resolución y Orden* en virtud de la cual la declaró Ha Lugar. Dispuso lo siguiente:

> **Esta decisión no supone determinación alguna de improcedencia del descubrimiento solicitado.** Para cumplir con las Reglas 34.1 y 34.2 de Procedimiento Civil, previo a la emisión de una orden para obligar a descubrir, debe surgir del expediente un[a] certificación de esfuerzos razonables, con prontitud y de buena fe, para resolver extrajudicialmente la controversia.
>
> [...]
>
> Se ordena a las partes que dentro de un término breve, celebren conferencia o intercambio de buena fe para atender las controversias pendientes sobre el interrogatorio, requerimiento de información y producción de documentos. **De persistir la controversia, la parte promovente podrá presentar nuevamente su solicitud, pero cumpliendo estrictamente con los requerimientos de la Regla 34.1 (certificación de esfuerzos razonables).**[2]
>
> (Énfasis suplido)

Por consiguiente, dejó sin efecto la *Orden* del 7 de abril de 2026. A su vez, mantuvo vigente la determinación emitida el 6 de abril de 2026, a través de la cual extendió el descubrimiento de prueba por un plazo de veinte (20) días.

Inconforme aún con las denegatorias relacionadas a la demanda contra tercero y a la extensión del término para realizar el descubrimiento de prueba, el 22 de abril de 2026, la señora Chaparro Ramos acudió ante nos mediante

---

[2] Apéndice del recurso, Entrada Núm. 375. Pág. 1.

*Petición de Certiorari.* La parte peticionaria realizó los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al declarar "No Ha Lugar" la solicitud de autorización para presentar una demanda contra terceros contra ARV Auto Brokers, Inc. y Casa Chela, Inc., aun cuando la prueba disponible al momento, junto con la documentación obtenida durante el descubrimiento de prueba, proveía base suficiente para plantear fundadamente que dichas entidades podían estar siendo utilizadas por el demandado como alter ego o como vehículo para canalizar ingresos, pagos, beneficios y recursos económicos relevantes en la determinación de su verdadera capacidad contributiva, por lo que su comparecencia al pleito era necesaria.**

> **Erró el Tribunal de Primera Instancia al denegar la solicitud de autorización para presentar una demanda contra terceros sin celebrar una vista evidenciaria ni permitir un desarrollo suficiente del récord para dilucidar la naturaleza de la relación entre el demandado y las referidas corporaciones, el alcance de la prueba obtenida durante el descubrimiento de prueba y la necesidad procesal de incorporar a dichas entidades al pleito.**

> **Erró el Tribunal de Primera Instancia al negarse a conceder una ampliación efectiva del descubrimiento de prueba, a pesar de que está pendiente de entrega documentación indispensable para la deposición del demandado recurrido y para la preparación adecuada de la vista ante la Examinadora de Pensiones Alimenticias.**

En igual fecha, presentó una *Urgente Moción en Auxilio de Jurisdicción.* Ese mismo día, emitimos una *Resolución* mediante la cual denegamos la solicitud en auxilio de jurisdicción y le concedimos un término a la parte recurrida para presentar su oposición al recurso. El 1 de mayo de 2026, el señor Rosa Vázquez radicó su *Alegato en Oposición a "Certiorari".* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil*

*Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

En nuestro ordenamiento, el derecho a la vida es reconocido como un derecho fundamental. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. Según se ha dispuesto, el derecho a reclamar alimentos forma parte del derecho a la vida. *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009). La obligación de brindar alimentos a los menores de edad surge de la relación paterno-filial que se origina en el momento en que la paternidad o maternidad quedan establecidas. *McConnell v. Palau*, 161 DPR 734, (2004). Tal deber recae sobre ambos progenitores, como parte de la patria potestad y custodia. Art. 590 del Código Civil, 31 LPRA 7242.

El Artículo 653 del Código Civil establece que "[s]e entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su

familia". Art. 653 del Código Civil, 31 LPRA sec. 7531. Asimismo, consigna que, cuando el alimentista es menor de edad, los alimentos comprenderán su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales. *Íd.*

La cuantía de los alimentos será proporcional a los recursos del que los brinda y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo. Art. 665 del Código Civil, 31 LPRA 7561. En ese sentido, la determinación de la cuantía de alimentos corresponde al prudente arbitrio del juzgador, quien debe velar por que la cuantía que se establezca cumpla con el principio de proporcionalidad. *In re Manzano Velázquez*, 178 DPR 1003, 1016 (2010).

Por otro lado, la pensión alimentaria estará sujeta a ajuste y podrá modificarse ante un cambio sustancial en las circunstancias personales del alimentante o del alimentista. Art. 19 (c) de la *Ley Orgánica de la Administración Para el Sustento de Menores,* 8 LPRA sec. 518(c); *Figueroa v. Del Rosario,* 147 DPR 121, 128 (1998). En aquellos casos en los que el alimentante solicite un ajuste en la pensión alimentaria basado en la cantidad de tiempo que se relaciona con el alimentista, se deberán seguir las *Guías mandatorias para computar las pensiones alimentarias en Puerto Rico* (Guías mandatorias) *establecidas* por ASUME. Ante una solicitud de reducción de la pensión alimentaria, el alimentante tendrá el peso de la prueba para demostrar que ha ocurrido un cambio sustancial en las circunstancias que estaban presentes al fijarse la pensión. *McConnell v. Palau, supra,* pág. 750.

**-C-**

En nuestro ordenamiento jurídico, las corporaciones poseen una personalidad jurídica distinta y separada a la de sus accionistas. *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 85 (2023). Como normal general, la responsabilidad de sus accionistas está generalmente limitada al capital que estos han aportado a la misma. *DACo v. Alturas de Fl. Dev. Corp. y otro*, 132 DPR 905, 924-925 (1993).

No obstante, los Tribunales podrán descartar la personalidad jurídica de las corporaciones, es decir, descorrer el velo corporativo, cuando estás sean un *alter ego* o conducto económico pasivo de sus accionistas. *Íd.,* pág. 925. Se ha establecido que la corporación es un *alter ego* cuando sus únicos accionistas reciben exclusiva y personalmente los beneficios producidos por la gestión corporativa. *Íd.,* pág. 925, citando a *Cruz v. Ramírez,* 75 DPR 947, 754 (1954). El mero hecho de que un solo accionista sea dueño de todas las acciones de una corporación no implica necesariamente que sea un *alter ego* de la persona natural ni que exista confusión o mutualidad de sus intereses, de manera que amerite la imposición de responsabilidad individual. *Íd.,* pág. 926.

Algunos factores importantes para determinar si existe tal confusión entre la persona del accionista y la corporación son: (1) el control del accionista sobre los asuntos corporativos; (2) el trato de los activos de la corporación como activos personales; (3) el retiro irrestricto del capital corporativo; (4) la mezcla de activos personales con activos corporativos; (5) la estructura de capital inadecuada de la corporación; (6) la falta de archivos corporativos; (7) la inobservancia de formalidades corporativas; (8) la inactividad de los demás oficiales y directores; (9) la práctica de no declarar dividendos; y (10) la presentación pública del accionista como responsable en su carácter personal por las obligaciones de la corporación, y por el manejo de la corporación, sin atención a su personalidad independiente. C. Díaz Olivo, *Corporaciones*, Puerto Rico, Publicaciones Puertorriqueñas, 1999, pág. 55.; *DACo v. Alturas Fl. Dev. Corp. y otro, supra,* pág. 928.

El peso de la prueba descansa en la parte que propone la imposición de responsabilidad individual a los accionistas, y corresponde al foro sentenciador en última instancia determinar si procede el levantamiento del velo corporativo. *DACo v. Alturas Fl. Dev. Corp. y otro, supra,* pág. 926. La parte que propone rasgar el velo corporativo deberá argüir, además, que reconocer la personalidad jurídica independiente equivaldría a sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política

pública, justificar la inequidad, o defender el crimen. *Íd., supra*, pág. 927; *Casco Sales v. Mun. de Barranquitas*, 172 DPR 825, 832 (2007).

A su vez, quien solicita descorrer el velo corporativo, tendrá que sostener que existe una relación causal entre la utilización de la corporación como un instrumento o *alter ego* y el fraude o acto ilegal perpetuado. Díaz Olivo, *op. cit.*, págs. 140-141; *D.A.Co. v. Alturas Fl. Dev. Corp. y otro, supra*, pág. 927.  Para que se justifique rasgar el velo corporativo, la prueba presentada deberá ser fuerte y robusta. *San Miguel Fertil. Corp. v. Puerto Rico Drydock*, 94 DPR 424, 430 (1967).

**-D-**

El descubrimiento de prueba es un mecanismo auxiliar a las alegaciones que facilita la consecución de evidencia y la búsqueda de la verdad, evita las sorpresas en el juicio y perpetúa la prueba; su finalidad es precisar las cuestiones en controversia. *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001). Aunque de ordinario el descubrimiento de prueba ocurre sin intervención del tribunal, los foros primarios gozan de amplia discreción para regularlo. *McNeil Healthcare, LLC v. Mun. de las Piedras*, 206 DPR 659, 672 (2021). Los foros apelativos no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto. *Íd.*

Este debe ser amplio y liberal. *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 490 (2019); *Rivera Alejandro v. Algarín,* 112 DPR 830, 834 (1982). De conformidad con lo anterior, la Regla 23.1 de Procedimiento Civil establece, en lo aquí atinente, que:

(a) *En general.* Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. 32 LPRA Ap. V., R. 23.1

De la regla precitada surge que el descubrimiento de prueba solo está limitado a dos aspectos: (1) que lo que se pretende descubrir no sea materia

privilegiada, y (2) que sea pertinente al asunto en controversia. *Scotiabank de Puerto Rico v. ZAF Corporation,* supra; *E.L.A. v. Casta,* 162 DPR 1, 9 (2004). Materia privilegiada es aquella que se encuentra dentro del alcance de alguno de los privilegios evidenciarios reconocidos en las Reglas de Evidencia. *Ponce Adv. Med. v. Santiago González,* 197 DPR 891, 899 (2017); *E.L.A. v. Casta,* 162 DPR 1, 10 (2004).

Atinente a la controversia ante nos, en nuestro sistema jurídico, impera un descubrimiento de prueba extrajudicial que fomenta la flexibilidad y la cooperación entre las partes. *Casanovas et a. v. UBS Financial et al.,* 198 DPR 1040, 1054-1055 (2017), citando a *Vicenti v. Saldaña,* 157 DPR 37, 54 (2002). En ese sentido, la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V., R. 34, regula lo concerniente a las controversias relacionadas al descubrimiento y a la negativa de descubrir lo solicitado. De manera particular, la Regla 34.1 de Procedimiento Civil, *supra,* establece lo siguiente:

> Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal **sólo considerará las mociones que contengan una certificación** de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.

(Énfasis suplido)

Luego de haber presentado la aludida certificación, se le podrá solicitar al Tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado. Regla 34.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.2.

### III.

En el recurso que nos ocupa, la parte peticionaria nos solicita que revisemos dos (2) determinaciones en virtud de las cuales, respectivamente, el foro de instancia denegó lo siguiente: (1) autorizar una demanda contra tercero en contra de las corporaciones del recurrido; y (2) autorizar una prórroga a los fines de extender el descubrimiento de prueba.

Por estar intrínsicamente relacionados, los errores primero y segundo serán discutidos de manera conjunta. La señora Chaparro Ramos arguye que la prueba presentada proveyó base suficiente para evidenciar que las corporaciones están siendo utilizadas como un *alter ego* o como un vehículo para canalizar los ingresos del señor Rosa Vázquez. Sostiene, a su vez, que, en esta etapa de los procedimientos, no procedía emitir una adjudicación en cuanto a la personalidad jurídica de las corporaciones, previo a pasar prueba al respecto. Como corolario, manifestó que, en aras de auscultar la realidad económica del alimentante, era necesario la inclusión de las corporaciones como parte indispensable.

Surge del expediente que la señora solicitó descorrer el velo corporativo de ARV y Casa Chela, bajo el fundamento de que existía prueba robusta y fuerte que demostraba que estaban siendo utilizadas como un *alter ego*. No obstante, su petitorio se limitó a exponer que existía prueba, sin hacer referencia a la misma o tan siquiera proveer ejemplos sobre cómo las corporaciones eran usadas por el señor Rosa Vázquez como un *alter ego*. El mero hecho de alegar que ARV y Casa Chela son un *alter ego*, de por sí, no resultaba suficiente para ignorar la personalidad jurídica de las corporaciones y descorrer el velo corporativo.

En nuestro ordenamiento jurídico, existe un fundamento arraigado de que las corporaciones ostentan una personalidad jurídica independiente a la de sus accionistas. Ante una solicitud para descorrer el velo corporativo, le corresponde a la parte promovente evidenciar, mediante prueba fuerte y robusta, que la corporación es un *alter ego* de sus accionistas. Tras un examen detenido de la solicitud instada por la peticionaria, resulta forzoso concluir que lo alegado, en ausencia de la prueba requerida, no resulta suficiente para ignorar la personalidad jurídica de las corporaciones y ordenar descorrer el velo corporativo.

A pesar de que el TPI denegó descorrer el velo corporativo, aun así, indicó que la capacidad económica del alimentante podría ser auscultada mediante el descubrimiento de prueba. Coincidimos con el criterio del foro de instancia, a

los efectos de disponer que la realidad patrimonial del señor Rosa Vázquez puede ser descubierta mediante evidencia relacionada a sus ingresos, beneficios, pagos, transferencias, bienes, recursos económicos y estilo de vida. En otras palabras, no resulta necesario ignorar la descorrer el velo corporativo para llevar a cabo el descubrimiento requerido. Por tanto, en esta etapa de los procedimientos, traerlas al pleito como terceras demandadas.

Mediante el tercer error señalado, la peticionaria sostiene que el foro de instancia indició al denegar extender el descubrimiento de prueba, a pesar de que aún quedaba pendiente la entrega de documentación indispensable. Precisa que resultaba necesario otorgar tiempo adicional para obtener la documentación pendiente, preparar adecuadamente la deposición del recurrido y analizar la información obtenida, en preparación para la vista ante la EPA.

De entrada, precisamos que en el caso de autos se han suscitado múltiples controversias relacionadas al descubrimiento de prueba. Inicialmente, el 23 de enero de 2026, el TPI les concedió a las partes un término de sesenta (60) días para realizar en descubrimiento de prueba. Como resultado, el término para llevar a cabo el mecanismo venció el 24 de marzo de 2026. No obstante, el 31 de marzo de 2026, mediante un escrito intitulado *Moción Informativa sobre Aviso de Toma de Deposición y en Solicitud de Transferencia de Vista*, la señora Chaparro Ramos solicitó recalendarizar la vista ante la EPA, con la intención de continuar con el descubrimiento de prueba. A pesar de que el foro de instancia no venía obligado a conceder la solicitud de la peticionaria, debido a que fue presentada fuera del término otorgado, prorrogó el término por un plazo de veinte (20) días. De manera tal que, le otorgó la oportunidad de efectuar la toma de deposición y le ordenó al señor Rosa Vázquez suplementar la documentación económica solicitada oportunamente y aún pendiente.

En cuanto a la controversia relacionada a las objeciones al interrogatorio cursadas por la señora Chaparro Vázquez, el TPI indicó que, conforme a las Reglas 34.1 y 34.2 de Procedimiento Civil, *supra,* la señora Chaparro Ramos debía presentar una certificación de esfuerzos razonables. Ante ello, expresamente dispuso que, de persistir la controversia, podría presentar

nuevamente su solicitud, pero cumpliendo estrictamente con los requerimientos de la normativa procesal. El foro de instancia les otorgó a las partes la oportunidad de resolver de manera extrajudicial los problemas relacionados al descubrimiento de prueba. No obstante, dejó la puerta abierta para que, conforme a las Reglas de Procedimiento Civil, pudieran recurrir al TPI en búsqueda de su asistencia para resolver los conflictos.

A esos efectos, resulta meritorio destacar que, posterior a la presentación del recurso de epígrafe, las partes han continuado presentando solicitudes para la intervención del TPI en lo que respecta al manejo del descubrimiento de prueba. El 24 de abril de 2026, el foro de instancia les ordenó a las partes coordinar una Vista Argumentativa en la cual deberán ir "preparadas para discutir pregunta por pregunta, aquellas contestaciones que continúan en controversia, la contestación ofrecida, la objeción planteada y el remedio solicitado". En cuanto a la deposición anunciada, dispuso que deberá ser reseñalada, una vez completado el descubrimiento de prueba.

Cónsono con lo anterior, ausente cualquier indicio de arbitrariedad o abuso de discreción, somos del criterio que la discreción ejercida por el foro de instancia durante el manejo del descubrimiento de prueba merece nuestra deferencia. Por todo lo cual, resulta forzoso concluir que los errores señalados no fueron cometidos.

## IV.

Por los fundamentos que anteceden, se *expide* el auto de *certiorari* solicitado y se *confirman* las determinaciones recurridas.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones